IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES E. WHITNEY                                                            PLAINTIFF

          v.                     Civil No. 14-5028

SERGEANT MORSE; SERGEANT
WHITTINGTON; NURSE RHONDA
BRADLEY; CORPORAL FOSTER;
CORPORAL MULVANEY; DEPUTY
WEISS BROCK; DEPUTY WORKMAN;
DEPUTY McNALLY; SHERIFF TIM
HELDER; DETECTIVE Y. SCHROCK;
ARAMARK CORRECTIONAL SERVICES
LLC; and DEPUTY SHEPHERD                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to the terms of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

At the time he filed this action, Plaintiff was incarcerated in the Washington County Detention Center (WCDC). The case is before me on the motion to dismiss (Doc. 25) filed by the Separate Defendant Aramark Correctional Services, LLC. Plaintiff filed a response (Doc. 31) and Aramark filed a reply (Doc. 35). The motion is ready for decision.

**1. Background**

While he was incarcerated at the WCDC, the Plaintiff contends his constitutional rights were violated in a number of ways. Amended Complaint (Doc. 7) and Addendum (Doc. 8). However, only his claims against Separate Defendant Aramark are at issue in this motion. Plaintiff alleges that Aramark has contracted with Washington County to provide food service

-1-

for the inmates. He asserts that Aramark has failed to provide him with a balanced and nutritious diet within his dietary restrictions. In this regard, Plaintiff alleges he is a Type II diabetic and is also allergic to gluten. Further, he states his diet basically consists of beans, potatoes, rice, and oranges. Plaintiff alleges that he has been told by deputies that he must accept his tray as presented or face disciplinary action. He indicates he now accepts the meals and either goes without or eats items he is not supposed to have because of his medical conditions. He alleges he has lost an excessive amount of weight.

Plaintiff also maintains that his food was tampered with on several occasions. On one occasion, he alleges he bit into a piece of wood approximately 1 centimeter in diameter and 2 centimeters long. On another occasion, he alleges his hard boiled egg was smashed resulting in pieces of egg shell being driven into the yolk and into the other food on his tray, rendering it unsuitable for human consumption.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it

simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Aramark maintains the complaint should be dismissed for the following reasons: (1) the lack of physical injury bars the case; (2) the complaint fails to allege facts showing that Aramark was involved in any wrongful activity or caused any alleged damage or injury; (3) Plaintiff failed to show that he exhausted his administrative remedies; and (4) Plaintiff has failed to allege that Aramark acted under color of law or violated any of his constitutional rights. Each argument will be addressed in turn.

### A. Physical Injury Requirement

Aramark argues the complaint is barred because the Plaintiff did not allege that he suffered any physical injuries as required by 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA). Section 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Aramark is in error as to the meaning of this provision. The provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004)(The physical injury requirement of the PLRA "limits recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages); see also Pool v.

Sebastian County, 418 F.3d 934, 942 n.2 (8th Cir. 2005)(Section 1997e(e) presents an issue of damages under the PLRA).

Moreover, in this case, Plaintiff has alleged that he lost an excessive amount of weight since his incarceration at the WCDC. Doc. 7 at pg. 9. This is a sufficient allegation of physical injury.

### B. Failure to State a Claim

Aramark argues that Plaintiff has failed to allege facts showing that Aramark owed him any duty to monitor his dietary requirements. Aramark asserts that it merely provides meals ordered by the correctional facility and has no responsibility for selecting specialized meals for individual inmates.

The only information in the record in this regard is the fact that Aramark has contracted with the WCDC to provide food services. There is nothing in the record before the Court that establishes the terms of the contract between Aramark and the WCDC or the scope of Aramark's authority at the WCDC.

Aramark also argues that the Plaintiff has not cited any legitimate source for his need for a specialized diet. However, Plaintiff has alleged that he is a type II diabetic and is allergic to gluten. Aramark states that Plaintiff's commissary receipts show purchases of items suggesting that a gluten free and/or diabetic diet is either unnecessary or not followed. These records are not before the Court and in fact could not be used to support Aramark's argument on this motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At this procedural stage, Plaintiff has stated a plausible claim against Aramark.

### C. Exhaustion of Administrative Remedies

The PLRA in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. Porter v. Nussle, 534 U.S. 516, 524-25 (2002). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." Id. at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." Lenz v. Wade, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

Aramark argues that in the portion of the amended complaint concerning it, the Plaintiff does not refer to any alleged grievances or other administrative process. Further, Aramark states that Plaintiff did not attach copies of any grievances, does not reference the contents of any such grievances, and does not allege that any grievances involved Aramark. In light of these failures, Aramark maintains the complaint must be dismissed because Plaintiff has not shown that he exhausted administrative remedies prior to filing suit.

However, Plaintiff asserts in his amended complaint that he filed grievances but was told that he could not have copies of the grievances unless an attorney was assigned to his case or a

-5-

Court order was entered. Doc. 7 at pg. 2. At this stage, these allegations are sufficient. As noted above, failure to exhaust is an affirmative defense.

### D. Color of Law

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999).

Aramark maintains the Plaintiff has failed to allege facts showing that it acted under color of state law. Aramark asserts that in the prison context that only those who have penal responsibilities have constitutional duties and attendant liabilities. Doc. 26 at pg. 6. Aramark maintains that it is entitled to dismissal because Plaintiff has not alleged that Aramark acted under color of state law or that the WCDC delegated its authority to Aramark. Id. at pgs. 6-7.

In support, Aramark relies on the case of Strope v. McKune, 2009 WL 504699 (D. Kan. February 27, 2009). In that case, Aramark had contracted to provide food service at a prison. The lawsuit was brought against an individual that Aramark had hired as food service director. Id. Aramark was not a named party. The Court concluded that the food service director had no personal involvement in any of the incidents or decisions at issue. In particular, it found that the food service director had: no control over the kosher menu; no control over the time inmates were given to eat or be at the cafeteria; no involvement in the deprivation of a kosher meal on Christmas Day; and had not been delegated any penological responsibilities for prisoners.

This case is clearly distinguishable. First, Aramark was not a party in the lawsuit so the question of whether it had contractually assumed penological duties was not at issue. Second, the case was before the court at a different procedural stage--a summary judgment motion.

Here, the only information before the Court is that Aramark contracted to be the food supplier for the WCDC. This Court has, on a number of occasions, determined that Aramark, working pursuant to a contract, acts under color of state law in providing meals to prisoners.[1] See e.g., Terven v. Helder, 2014 WL 3962490 (W.D. Ark. July 7, 2014); Mozden v. Helder, 2014 WL 2986711 (W.D. Ark. July 2, 2014); Wilmoth v. Aramark Correctional Services, LLC, 2012 WL 4472147 (W.D. Ark. Aug. 16, 2012); Setzer v. Aramark Correctional Services, 2011WL7071078 (W.D. Ark. Nov. 22, 2011); Jones v. Helder, 2011 WL 1193733 (W.D. Ark. March 29, 2011).

> In Wilmoth this Court stated:
>
> In West v. Atkins, 487 U.S. 42, 57 (1988), the Supreme Court concluded that a physician under contract to provide medical services to inmates at a state prison was a state actor because his function could fairly be held attributable to the state. The same reasoning applies here. Benton County has a constitutional obligation to provide nutritionally adequate meals to the inmates of the BCDC. Benton County has delegated this obligation to ARAMARK and ARAMARK contractually assumed this obligation.

2012 WL 4472147, *5; *see also* Sutton v. City of Philadelphia, 2014 WL 2111330 (E.D. Pa. May 20, 2014)(Aramark acts under color of state law because it performs a function that is traditionally an exclusive governmental function); Pagan v. Westchester County, 2014 WL 982876 (S.D.N.Y. March 12, 2014)(Aramark has contracted to perform the governmental

---

[1] Aramark has failed to cite or acknowledge decisions from this Court and other jurisdictions which hold that Aramark acted under color of state law.

function of providing nutritionally adequate food to prisoners in Westchester County); <u>Williams v. Gloria</u>, 2013 WL 3982348 (E.D. Pa. Aug. 2, 2013)("Aramark was acting under color of state law in the preparation of food for inmates"); <u>Jubeh v. Dart</u>, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011)(Aramark acted under color of state law); <u>Drennon v. ABL</u>, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006)(finding a food service contractor at a correctional facility to be acting under color of law); *cf.* <u>Best v. Aramark Correctional Services, LLC</u>, 2014 WL 4980553 (S.D. Ind. Oct. 6, 2014)(declining to consider Aramark's bald assertions regarding its contract on a motion to dismiss). At this procedural stage and on the record before me, Plaintiff has stated a plausible claim against Aramark.

### 4. Conclusion

For the reasons stated, I recommend that the Aramark's motion to dismiss (Doc. 25) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)